**Aua LAUTI, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 69665.**

Court of Criminal Appeals of Texas, En Banc.

June 7, 1989.

Rehearing Overruled June 19, 1991.

Douglas M. O'Brien, Houston, (court appointed on appeal), for appellant.

John B. Holmes, Jr., Dist. Atty., Linda A. West and Carl W. Hobbs, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Appellant was convicted of capital murder, V.T.C.A. Penal Code, Section 19.-03(a)(2). Death was imposed by the trial court after the jury returned affirmative findings to both special issues submitted pursuant to Art. 37.071(b)(1) and (2), V.A.C.C.P. Direct appeal to this Court was automatic. We will affirm appellant's conviction.

Appellant raises three points of error. Since he does not raise sufficiency of the evidence and no point of error turns on a factual review we will dispense with a recitation of the facts. In his first two points of error, appellant asserts that Art. 37.071 V.A.C.C.P. violates the Fifth, Sixth,[1] Eighth, and Fourteenth Amendments to the United States Constitution. Specifically, appellant contends that our death penalty statute precludes consideration of important mitigating information by the jury, and secondly, this statute likewise fails to permit a definition of mitigating circumstances or how the jury is to consider such circumstances at punishment. The apparent interlocking of these two issues allows us to address them as one.

■ Although appellant fails to point this Court to any place in the record where mitigating evidence was introduced, our thorough review of the record demonstrates that appellant's trial counsel introduced some evidence of mitigation. At the punishment phase of trial, appellant introduced the testimony of Sheriff's Deputy L.J. Swattes. Swattes testified that appellant had not been the subject of any disciplinary action while he was in the Harris County jail.

This issue is precisely on point with one of the issues decided recently in *Franklin v. Lynaugh*, 487 U.S. 164, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988). In *Franklin*, appellant's sole piece of mitigating evidence, presented in the punishment phase, of trial was his disciplinary record while incarcerated over a nine year period was without incident. See *id.* 108 S.Ct. at 2324. As in the case at bar, appellant in *Franklin* challenged our death statute by asserting that it violated the Eighth and Fourteenth Amendments because it did not permit an instruction to the jury as to how it was to weigh the mitigating evidence introduced at trial. See *id.* 108 S.Ct. at 2325. The United States Supreme Court, Justice White writing for a plurality of the Court, rejected appellant's argument when it stated:

> *Jurek v. Texas*, 428 U.S. 262 [, 96 S.Ct. 2950, 49 L.Ed.2d 929] ... (1976) expressly upheld the constitutionality of the manner in which mitigating evidence is considered under the 'Special Issues' submitted to Texas Capital juries.

> \*    \*    \*    \*    \*    \*

> It is the established Texas practice to permit jury consideration of " 'whatever mitigating circumstances' the defendant might be able to show" in capital sentencing—a practice which this Court relied upon when it concluded in *Lockett v. Ohio*, 438 U.S. 586 [, 98 S.Ct. 2954, 57 L.Ed.2d 973] ... (1978), that our decision in that case did not require reversal of our earlier approval of the Texas Special Issue scheme in *Jurek.*... [T]he Texas courts have expressed resolute adherence to *Lockett*, declaring that under Texas' capital sentencing procedures the defense is free to ask 'the jury ... to consider whatever evidence of mitigating

---

1. Although appellant asserts violations of his rights under the Fifth and Sixth Amendments to the United States Constitution in his first two points of error, we are at a loss as to just what rights were abridged or how they may have been abridged since appellant's counsel on appeal fails to discuss this anywhere in the body of his brief. Accordingly, we will not address these contentions.

circumstances the defense can bring before it.' *Quinones v. State*, 592 S.W.2d 933, 947 (Tex.Cr.App.1980).

*Id.* 108 S.Ct. at 2325 and 2326. The Supreme Court concluded that the jury's consideration of appellant's prison record was not improperly limited and it was given the opportunity to weigh this evidence as it saw fit in relation to our Special Issues in the death statute. See *id.* 108 S.Ct. at 2330. The Court went on to hold:

> Because we do not believe that the jury instructions or the Texas Special Issues precluded jury consideration of any relevant mitigating circumstances in this case, or otherwise unconstitutionally limited the jury's discretion here, we reject petitioner's Eighth Amendment challenge to his death sentence.

*Id.* 108 S.Ct. at 2332. Since appellant's challenge is of federal nature and it is factually on point with *Franklin,* we overrule appellant's first and second points of error.

■ Appellant's third point of error asserts that the trial court erred in failing to instruct the jury at the punishment phase on how it could consider evidence of temporary insanity caused by intoxication in mitigation of appellant's punishment. Once again, appellant is mistaken in his belief that he is entitled to an instruction to the jury telling them how they may consider mitigating evidence under our death statute. See *id.* 108 S.Ct. at 2326. As we stated most recently:

> This Court has repeatedly held that, although a capital murder defendant has a right to have certain evidence considered in mitigation of punishment, he is not entitled to jury instructions specifically informing the jury that certain evidence may be considered or how it may be applied. E.g., *Cordova v. State,* 733 S.W.2d 175, 190 (Tex.Cr.App.1987).

*James v. State,* 772 S.W.2d 84, 102 (Tex.Cr. App.1989). Likewise, we have held:

> Appellant was entitled to present evidence of any mitigating circumstances and did present such evidence, .... The

question then is whether the language of the special issue is so complex that an explanatory charge is necessary to keep the jury from disregarding the evidence properly before it. In *King v. State,* 553 S.W.2d 105 (Tex.Cr.App.1977) cert. denied, 434 U.S. 1088 [, 98 S.Ct. 1284, 55 L.Ed.2d 793] ... (1978), this Court held that the questions in Art. 37.071 used terms of common understanding which required no special definition. The jury can readily grasp the logical relevance of mitigating evidence to the [special] issue[s].... No additional charge is required.

*Quinones v. State,* 592 S.W.2d 933, 947 (Tex.Cr.App.) cert. denied 449 U.S. 893, 101 S.Ct. 256, 66 L.Ed.2d 121 (1980).

■ Additionally, appellant neither objected to the punishment charge concerning the absence of instructions regarding mitigating evidence, nor did he request such instruction. Therefore, the trial court judge was not given the opportunity to rule on these constitutional claims and they should not be considered for the first time on appeal. *Williams v. State,* 622 S.W.2d 116, 120 (Tex.Cr.App.1981), cert. denied 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982). See also *O'Bryan v. Estelle,* 714 F.2d 365, 383–385 (5th Cir.1983), cert. denied 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Appellant's point of error number three is overruled.[2]

Having considered appellant's points of error and finding no reversible error, we affirm the judgment of the trial court.

CLINTON, J., dissents for the reason, among others, developed in his dissenting opinion in *James v. State,* 772 S.W.2d 84 (Court of Criminal Appeals, 4/26/89).

DUNCAN, J., concurs in the result.

---

2. Cf. *Stewart v. State,* 686 S.W.2d 118 (Tex. Cr.App 1984) (Clinton, J. joined by Miller, J. dissenting) cert. denied 474 U.S. 866, 106 S.Ct. 190, 88 L.Ed.2d 159 (1985).